UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRADLY CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-132-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff Bradly Campbell's motion to remand the case to state court. [Record No. 9] Having reviewed the motion and the record, the Court has determined that a response is not necessary. For the reasons discussed below, the plaintiff's motion will be denied.

Campbell originally brought this action in Breathitt Circuit Court, alleging that he sustained personal injuries after several fifty-pound bags of corn fell on him from a pallet at a Wal-Mart store. [Record No. 1-1] On April 14, 2015, the plaintiff indicated in his response to Defendant Wal-Mart East, LP's interrogatories that he sought $462,000.00[1] in damages. [Record No. 1-5, p. 6] Based on this response, the defendant properly removed the action to this court on May 12, 2015, alleging diversity jurisdiction under 28 U.S.C. § 1332. [Record No. 1]

---

[1] Specifically, the plaintiff sought $10,000.00 in medical expenses; $352,000.00 in damages for pain and suffering; and $100,000.00 in compensatory and incidental damages. [Record No. 1-5, p. 6]

-1-

Following removal, the plaintiff claims that he "has reviewed his current medical expenses and medical treatment." [Record No. 9, p. 1] His recalculation is drastic. Rather than the original sum of $462,000.00, Campbell now seeks only $71,000.00 -- slightly less than the threshold requirement for federal diversity jurisdiction. [*Id.*] *See* 28 U.S.C. § 1332(a) (A federal district court has jurisdiction over any civil action where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.). The plaintiff argues that, as a result, this Court lacks jurisdiction, and the matter should be remanded to state court. [Record No. 9]

The United States Court of Appeals for the Sixth Circuit has recognized that the determination of federal jurisdiction in a diversity case is made as of the time of removal and "events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). *See also St. Paul Mercury Indemnity C. v. Red Cab Co.*, 303 U.S. 283, 284 (1938) ("Events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."). The plaintiff's stipulation does not suggest that the amount in controversy did not reach the jurisdictional limit as of the time of removal. Instead, it reflects a post-removal reevaluation of the action in which he has determined that he values his case at no more than $71,000.00. *See Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993).

Based on the foregoing, Campbell's post-removal recalculation of his damage claim does not divest the Court of jurisdiction. Because the amount in controversy at the time of removal was $462,000.00, and because the parties are citizens of different states [Record No.

1], this Court has jurisdiction over the plaintiff's claims under 28 U.S.C. § 1332(a). Accordingly, it is hereby

**ORDERED** that Plaintiff Bradly Campbell's Motion to Remand [Record No. 9] is **DENIED**.

This 11th day of June, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge